UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY LIETURE MOORE,
a/k/a ROYAL SOVEREIGN KING YAHWEH,

  Plaintiff,

v.             Case No.  4:19cv46-RH-CJK

DAVID B. ROGERS, et al.,

  Defendants.

_____/

## REPORT AND RECOMMENDATION

  Plaintiff Anthony Lieture Moore, a/k/a/ Royal Sovereign King Yahweh, DC# 898246, is a life-sentenced Florida inmate presently confined at Florida State Prison in Raiford, Florida.  (Doc. 1).  Moore initiated this action on January 17, 2019, by filing a civil rights complaint under 42 U.S.C. § 1983, naming twelve defendants. (Doc. 1; *see also* Doc. 4 (adding missing page)).  Moore moves to proceed *in forma pauperis*.  (Doc. 2).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  The undersigned concludes that Moore's motion to proceed *in forma pauperis* should be denied and this case dismissed under 28 U.S.C. § 1915(g),

because Moore is barred from proceeding *in forma pauperis* and failed to pay the

filing fee upon initiating this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma*

*pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee

at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case

without prejudice.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)

(holding that "the proper procedure is for the district court to dismiss the complaint

without prejudice when it denies the prisoner leave to proceed *in forma pauperis*

pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing

fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324

(11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full

filing fee at the time he initiates suit).  The only exception is if the prisoner alleges

that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g);

*see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Moore is a three-striker, as recognized by the United States District Court for the Middle District of Florida. *See Moore v. Jones, et al.*, No. 3:18cv1457-J-39MCR, 2018 WL 6655585 (M.D. Fla. Dec. 19, 2018) (dismissing case pursuant to three-strikes bar and identifying qualifying cases). Moore acknowledges Case No. 3:18cv1457 and the five actions identified as strikes under § 1915(g). (Doc. 1, p. 7 in ECF). All the qualifying dismissals were entered prior to Moore's filing this lawsuit.

As Moore has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Moore's allegations do not make that showing. Moore alleges that in 2014 and 2015, prison officials at Jefferson Correctional Institution retaliated against him by harassing him, threatening him, unjustly confining him in disciplinary confinement, assaulting him and taking his legal property; and that defendants Rogers and Jones failed to protect him from the abuse. (Docs. 1 and 4). Accepting the non-conclusory and non-speculative allegations of Moore's complaint as true, they fail to make a colorable showing that he is in imminent danger of serious physical injury because the conduct occurred four years ago, and Moore is no longer housed at Jefferson CI. An allegation of past danger does not invoke the exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.

—

*Page 4 of 4*

1999) (holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to [§ 1915(g)]".). Because Moore is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this lawsuit, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1. That Moore's motion to proceed *in forma pauperis* (doc. 2) be DENIED.

2. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

3. That the clerk be directed to close the file.

At Pensacola, Florida this 29th day of January, 2019.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

*Case No. 4:19cv46-RH-CJK*